# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **BENNY YOSSETT** | **CIVIL ACTION NO. 5:15-cv-2362** |
| **LA. DOC #506090** | |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se petitioner Benny Yossett, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 11, 2015.  Petitioner attacks his convictions for sex crimes and the sentences totaling 105 years imposed thereon by the Twenty-Sixth Judicial District Court, Webster Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

### *Statement of the Case*

On February 13, 2006, petitioner was found guilty as charged of a ten count bill of indictment charging him with various sex crimes with children. On February 14, 2006, sentences totaling 105 years were imposed. [Doc. 1, ¶1-7] He appealed his convictions and sentences arguing three Assignments of Error – (1) The verdict was unconstitutional because it represented multiple convictions for one course of conduct without any evidence as to when any particular offense occurred; (2) insufficiency of the evidence; and (3) excessiveness of sentence.  On April

25, 2007, his convictions and sentences were affirmed by the Second Circuit Court of Appeal. *State of Louisiana v. Benny Yossett, Jr.,* 41,926 (La. App. 2 Cir. 4/25/2007), 956 So.2d 109. His application for writs of certiorari and review were denied without comment by the Louisiana Supreme Court on November 21, 2007. *State of Louisiana v. Benny Yossett, Jr.*, 2007-1110 (La. 11/21/2007), 967 So.2d 1155. Petitioner did not seek further review in the United States Supreme Court. [Doc. 1, ¶9(h)] Nor did he seek post-conviction relief. [Doc. 1, ¶10]

He filed the instant petition on September 11, 2015, raising the following grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and for allowing petitioner to proceed to trial on a flawed and defective bill of information; (2) ineffective assistance of appellate counsel based on counsel's failure to raise the defective Bill of Information on appeal and his failure to raise a claim of ineffective assistance of trial counsel, and, for failing to timely file petitioner's application for certiorari in the Louisiana Supreme Court. [Doc. 1]

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(B) or (D) in that petitioner has not alleged the recent discovery of the facts upon which his petition is premised nor the presence of any State created impediments to

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,*184 F.3d 467 at 472 (5th Cir. 1999) citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998)*.* Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5ᵗʰ Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeal. On April 25, 2007, the Court of Appeal affirmed his convictions and sentences.  *State of Louisiana v. Benny Yossett, Jr.,* 41,926 (La. App. 2 Cir. 4/25/2007), 956 So.2d 109.  His application for writs was denied by the Louisiana Supreme Court on November 21, 2007. *State of Louisiana v. Benny Yossett, Jr.*, 2007-1110 (La. 11/21/2007), 967 So.2d 1155. Petitioner did not seek further review in the United States Supreme Court. [Doc. 1, ¶9(h)] Petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..."  90 days later or, on or about February 21, 2008 when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*."  Under Rule 13.1 of the Supreme Court Rules, the petitioner

---

filing. To the extent that petitioner argues that timeliness should be determined in accordance with Subsection (C), the date of a newly recognized Constitutional right made retroactively applicable by the Supreme Court, that claim is addressed in Part 2, below.

3

had ninety days from the Louisiana Supreme Court's judgment denying  his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court.  *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run on February 21, 2008 and petitioner had one year, or until February 21, 2009, to file his *habeas corpus* petition.

Petitioner cannot rely on the tolling provisions of Section 2244(d)(2) because by his own admission, he did not seek post-conviction relief in the Louisiana courts. [Doc. 1, ¶10] Clearly more than one year elapsed un-tolled between February 21, 2008, the date his judgment of conviction became final and September 11, 2015, the date he filed his *habeas* petition.

## 2. Tolling Pursuant to Section 2244(d)(1)(C)

Petitioner contends that he is entitled to have limitations reckoned as provided in Section 2244(d)(1)(C) which provides reckoning from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..."

In support of this claim he cites *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). *Martinez* recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default. The decision has never been interpreted to establish an exception to the limitations period established by the AEDPA. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); see also *Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir.2012) (noting, in the context of a successive

4

habeas application, that *Martinez* "was an 'equitable ruling' that did not establish 'a new rule of constitutional law.' ")

In any event, even if *Martinez* recognized a new Constitutional right, petitioner's *habeas* application would still be untimely. *Martinez* was decided on March 20, 2012, and thus, even if petitioner could rely upon the decision for tolling, his petition would have to have been filed within 1-year of the decision or on or before March 20, 2013.  His September 11, 2015, filing is clearly untimely.

### 3. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear

5

that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Petitioner has no one to blame but himself for failing to timely file his application for post-conviction relief following the conclusion of the appeal process.

In short, petitioner has not alleged facts sufficient to warrant equitable tolling.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

  In Chambers, Monroe, Louisiana, December 10, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**